**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**COUNTRY VIEW APARTMENTS AND GLANKLER BROWN PLLC**

**Appellants,**

**CASE NO. 2:26-cv-02243-SHL-TMP**

**vs.**

**DARRANCE LaQUANN CAIN**

**Appellee.**

---

**APPELLANTS' EMERGENCY MOTION TO STAY ENFORCEMENT AND DISTRIBUTION OF JUDGMENT FUNDS PENDING APPEAL**

---

COME NOW, Appellants Country View Apartments and Glankler Brown, PLLC, (collectively, "Appellants") and pursuant to Federal Rule of Bankruptcy Procedure 8007, move this Court for an order staying enforcement of the Bankruptcy Court's sanctions judgment and, specifically, staying any release or distribution of approximately $13,967.76 presently restrained by First Horizon Bank pending resolution of this appeal. The funds are already identified and secured. A stay will preserve that status quo; immediate distribution, by contrast, creates a substantial risk that the funds will be spent and unavailable if the judgment is reversed or reduced.

In support, Appellants state as follows:

**INTRODUCTION**

On February 27, 2026, the Bankruptcy Court entered an Order awarding Debtor Darrance LaQuann Cain ("Cain" or "Debtor") a total judgment of $27,516.00 arising from its determination that Country View Apartments and Glankler Brown willfully violated the automatic stay. The Bankruptcy Court allocated responsibility for the judgment equally between Country View Apartments and Glankler Brown. Appellants timely appealed. This appeal directly challenges the

findings and judgment that constitute the sole basis upon which Debtor now seeks execution and distribution of Appellants' funds.

Among other issues, Appellants contend that the Bankruptcy Court erred in finding a willful violation of the automatic stay, erred in finding conduct sufficiently egregious to support punitive damages, improperly considered matters outside the facts of this case, and erred in awarding the attorney's fees claimed by Debtor. The appeal also presents a substantial notice issue. Appellants contend that the record does not establish that Glankler Brown or Country View had actual notice of Debtor's second bankruptcy before the events giving rise to the sanctions award and that, immediately upon receiving actual notice, the eviction process was halted and Debtor was restored to possession. While the appeal remains pending, Debtor obtained a Writ of Execution directed to First Horizon Bank. First Horizon identified and is presently holding approximately $13,967.76 from Glankler Brown's account. Debtor then filed an Emergency Motion in the Bankruptcy Court seeking immediate turnover of those funds to Debtor's attorney. Debtor expressly represents that he is "immediately in need of the funds" because a Motion to Dismiss has been filed in his Chapter 13 proceeding.

On August 19, 2026, Glankler Brown filed its Response in Opposition to Debtor's Emergency Motion and expressly requested preservation of the funds and a stay of their distribution pending appeal. [BNK D.E. 89]. In that filing, Glankler Brown requested that the funds remain restrained at First Horizon or, alternatively, be deposited into the registry of the Bankruptcy Court without distribution pending appellate review.

The present circumstances make a stay especially appropriate. The money is not merely subject to a future collection effort; it is already restrained and identifiable. Preserving it requires no affirmative recovery effort and does not deprive Debtor of security for the judgment. Releasing it, however, may render a successful appeal practically hollow by forcing Appellants to pursue

restitution from a debtor who has represented that he needs the funds immediately to address obligations in a Chapter 13 case facing dismissal.

## ARGUMENT

### A. The Governing Standard Favors Preservation of the Status Quo.

Federal Rule of Bankruptcy Procedure 8007 governs requests for a stay pending appeal. A party ordinarily must first seek a stay in the Bankruptcy Court, and a motion made in the District Court must state whether the Bankruptcy Court ruled on the request and, if so, the reasons given for that ruling. Fed. R. Bankr. P. 8007(b)(2). Appellants have sought preservation and stay relief in the Bankruptcy Court through their August 19, 2026 filing.

In determining whether to grant a stay pending appeal, courts in the Sixth Circuit consider: (1) the likelihood that the movant will prevail on the merits; (2) the likelihood of irreparable harm absent a stay; (3) the prospect that others will be harmed if a stay is granted; and (4) the public interest. Layman v. Tennessee State Bank, No. 2:19-CV-233, 2020 WL 12880855, at *2 (E.D. Tenn. Feb. 27, 2020) (quoting Serv. Employees Int'l Union Local 1 v. Husted, 698 F.3d 341, 343 (6th Cir. 2012)). These factors are interrelated; a stay may be appropriate even where one factor is weaker if the remaining factors weigh heavily in favor of preserving the status quo. Id. As Layman explains, the movant need not demonstrate certainty of success; "serious questions going to the merits" may suffice when the balance of harms strongly favors a stay. Id.

### B. Appellants Present Serious and Substantial Questions on the Merits.

This appeal is not directed to a collateral issue or a minor mathematical adjustment. It challenges the fundamental predicates for the sanctions judgment itself. Appellants maintain that the Bankruptcy Court erred in finding that they willfully violated the automatic stay because the record did not establish the notice necessary to support a willful violation before the complained-of conduct occurred.

A stay violation is willful when the creditor knew of the stay and intentionally committed the act that violated it. See In re Connor, 632 B.R. 506, 512 (Bankr. M.D. Tenn. 2021). Appellants' briefing explains that Debtor's asserted notice to Glankler Brown was tied to the Mandatory Electronic Bankruptcy Noticing ("MEBN") system, even though Glankler Brown does not use that system and no bankruptcy attorney at the firm had credentials to receive notices through it. Appellants further contend that the Bankruptcy Court treated those MEBN entries as though counsel had received email notices, despite the record showing that the entries were designated "MEBN," not email.

The notice issue matters not only to liability but also to damages. Appellants contend that once Glankler Brown actually learned of the second bankruptcy, the eviction was halted within minutes and Debtor was restored to possession. That prompt corrective action is inconsistent with the finding that Appellants intentionally or egregiously disregarded the automatic stay.

The punitive-damages award presents an additional substantial appellate issue. Of the $27,516.00 judgment, $20,637.00 consists of punitive damages, compared with $1,579.00 in actual damages and $5,300.00 in attorney's fees. Appellants challenge both the legal and evidentiary basis for that punitive award, including whether the conduct was sufficiently egregious to justify punitive damages and whether the amount is excessive. Appellants' Reply Brief further argues that Debtor failed to develop any opposition to Appellants' challenge to the punitive award.

Appellants also challenge the attorney's-fee component of the judgment, including whether the evidence presented was sufficient to establish the reasonableness of the requested fees. These issues, taken together, create at minimum serious questions going to whether the judgment will be affirmed in its present amount.

**C. Appellants Face Irreparable Harm if the Funds Are Distributed Before the Appeal Is Decided.**

The most immediate harm is practical and irreversible: once First Horizon releases the restrained funds, Appellants lose control over identifiable money that is presently available to abide the result of the appeal. There is no assurance that the funds will remain segregated or recoverable if Appellants prevail.

That concern is not speculative. Debtor's own Emergency Motion states that he is "immediately in need of the funds" because a Motion to Dismiss has been filed in his Chapter 13 case. Debtor's asserted need to obtain and use the money is precisely what creates the risk that the funds will be dissipated before this Court rules. If the judgment is reversed or materially reduced, Appellants may then be forced to locate assets and commence additional collection or restitution proceedings to recover money that is presently sitting safely in a bank restraint.

A stay therefore prevents the appeal from becoming practically ineffective. Appellants do not seek to frustrate collection indefinitely; they seek only to ensure that the disputed res remains available to whichever party ultimately prevails.

**D. A Stay Will Not Substantially Harm Debtor and Will Protect Both Sides.**

The balance of harms strongly favors a stay. The funds are already identified, secured, and restrained. If Debtor prevails on appeal, the funds remain available to satisfy the judgment. Preserving them therefore does not eliminate Debtor's recovery or force Debtor to search for assets later. Immediate distribution, by contrast, places the entire risk of appellate reversal on Appellants. If Debtor spends the funds and Appellants prevail, Appellants may have a judgment for restitution but no practical source from which to recover. Preservation avoids that asymmetric risk.

Debtor himself has recognized that immediate personal distribution is not the only available disposition. In the Emergency Motion, Debtor alternatively requested that the funds be delivered to the Bankruptcy Court Clerk or Chapter 13 Trustee. Thus, even Debtor's requested

relief identifies a mechanism by which the funds may remain protected without being placed immediately into Debtor's hands. Accordingly, if this Court does not direct First Horizon to continue holding the funds, Appellants request that the funds be deposited into an appropriate court registry or held by another neutral custodian, expressly subject to no distribution to Debtor or Debtor's counsel until the appeal is resolved or further order of this Court. Appellants are also willing to comply with such bond or other security requirement as this Court deems appropriate under Rule 8007.

**E. The Public Interest Favors Meaningful Appellate Review and Avoidance of Unnecessary Litigation.**

The public interest favors preserving the Court's ability to grant effective appellate relief. Allowing disputed judgment funds to be dissipated while the judgment itself is under direct review risks generating a second round of litigation over restitution and collection if the judgment is reversed. Maintaining the existing restraint avoids that unnecessary expense and preserves judicial resources.

A stay also serves the orderly appellate process. It does not decide the merits in Appellants' favor; it simply preserves the present circumstances long enough for this Court to decide those merits. Where the funds are already secured and can remain so without prejudice to the ultimate prevailing party, preservation is the equitable and efficient course.

## CONCLUSION

The funds at issue are presently identified, secured, and protected. There is no reason to destroy that status quo while the judgment giving rise to Debtor's claimed entitlement remains under direct appellate review. Immediate distribution creates a substantial risk that the funds will be spent or otherwise unavailable if Appellants prevail, while preservation leaves the funds available to Debtor if the judgment is affirmed.

For these reasons, Appellants respectfully request that this Court stay enforcement and distribution of the Bankruptcy Court's sanctions judgment pending resolution of this appeal; direct that the approximately $13,967.76 presently restrained by First Horizon Bank remain restrained and not be released to Debtor or Debtor's counsel; alternatively, direct that the funds be deposited with an appropriate neutral custodian without distribution pending appeal; and grant such other relief, including approval of appropriate security, as the Court deems just and proper.

Respectfully submitted,

GLANKLER BROWN, PLLC

Dated: August 20, 2026

/s/ S. Joshua Kahane
S. Joshua Kahane (#23726)
6000 Poplar Avenue, Suite 400
Memphis, TN 38119
(901) 525-1322

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was provided to the following via Notice of Electronic Filing and/or first class mail, postage prepaid on this 20th day of August 2026:

Arthur Byrd
Attorney for Debtor
Law Office of Arthur A. Byrd, Jr.
116 Mulberry
Collierville, TN 38017

James E. Bailey III
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Sylvia F. Brown
Chapter 13 Trustee
200 Jefferson Avenue, Suite 1113
Memphis, TN 38103

/s/ S. Joshua Kahane
S. Joshua Kahane